**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4198**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY RAY GARTMAN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Chief District Judge. (CR-03-903)

Submitted: November 23, 2005        Decided: December 27, 2005

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Jonathan S. Gasser, Acting United States Attorney, Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jimmy Ray Gartman, Jr., pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). The district court sentenced him to seventy-one months in prison. Gartman timely appealed. Gartman's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there are no meritorious issues for appeal but questioning whether the district court's failure to inform Gartman at his guilty plea hearing he had the right to plead not guilty rendered his guilty plea invalid. Gartman was informed of his right to file a pro se supplemental brief, but he has not filed one. We affirm Gartman's conviction and sentence.

Because Gartman did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Rule 11(b)(1)(B) of the Federal Rules of Criminal Procedure requires the district court, before accepting a guilty plea, to inform the defendant that he has the right to plead not guilty. Gartman initially pled not guilty, but pursuant to a plea agreement, changed his plea to guilty. He indicated at the Rule 11 hearing that he was not coerced into pleading guilty and that he was pleading guilty because he was in fact guilty. Although the district court failed to inform Gartman at the plea hearing of his right to plead not guilty, the district court

substantially complied with the requirements of Rule 11.  We find that, under the facts of this case, the district court's omission did not affect Gartman's substantial rights and therefore did not amount to plain error.  <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993) (stating plain error standard).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm Gartman's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>